IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROUND GUYS BREWING COMPANY | : : : : : : : | CIVIL ACTION<br><br>No. 20-6252 |
| v. | | |
| CINCINNATI INSURANCE COMPANY | | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**　　　　　　　　　　　　　　　　　　September 22, 2021

　　　　Round Guys Brewing Company ("Round Guys") brings this action seeking coverage for business losses suffered as a result of the COVID-19 pandemic. Round Guys has moved to remand the case back to Pennsylvania state court. Defendant Cincinnati Insurance Company ("Cincinnati Insurance") moves to dismiss the Complaint arguing Round Guys' losses are not covered causes of loss as defined in the policy. The Court will deny Round Guys' motion to remand. Because the policy unambiguously precludes coverage for Round Guys' losses, the Court will grant Cincinnati Insurance's motion to dismiss.

**BACKGROUND**

　　　　Round Guys Brewing Company is a craft beer brewery and restaurant located in Landsdale, Pennsylvania. In Spring 2020, when the COVID-19 pandemic arrived, the brewery was forced to close its doors after Pennsylvania Governor Tom Wolf issued a series of executive orders closing non-life-sustaining businesses. The brewery incurred significant losses as a result of the closure, and Round Guys claims it is entitled to coverage for these losses under the policy. Round Guys' policy is an "all risk" insurance policy, meaning all losses are recoverable unless they explicitly fall into a categorical exclusion. In order to receive any coverage, however, the insured must show it experienced a "covered cause of loss." Def.'s Mot. Ex A, 27, ECF No. 13-1. Among other

requirements, a covered cause of loss must include "physical loss" or "physical damage." *Id.* at 60, 142. Round Guys cites five provisions that allegedly cover the losses sustained in conjunction with the COVID-19 pandemic. The provisions read as follows:

> "We will pay for the actual loss of 'Business Income' you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' The suspension must be caused by direct 'loss' to property at 'premises' which are described in the Declarations and for which a 'Business Income' Limit of Insurance is shown on the Declarations. The 'loss' must be caused by or result from a Covered Cause of Loss." Def.'s Mot. Ex. A, 40, ECF No. 13-1 ("Business Income").

> "We will pay Extra Expense you sustain during the 'period of restoration.' Extra Expense means necessary expenses you sustain . . . during the 'period of restoration' that you would not have sustained if there had been no direct 'loss' to property caused by or resulting from a Covered Cause of Loss." *Id.* at 41 ("Extra Expense").

> "When a Covered Cause of Loss causes damage to property other than Covered Property at a 'premises,' we will pay for the actual loss of 'Business Income' and necessary Extra Expense you sustain caused by action of civil authority that prohibited access to the premises." *Id.* ("Civil Authority").

> "We will pay for the actual loss of 'Business Income' you sustain and necessary Extra Expense you sustain caused by the prevention of existing ingress or egress at a 'premises' shown in the Declarations due to direct 'loss' by a Covered Cause of Loss at a location contiguous to such premises." *Id.* at 137 ("Ingress and Egress").

The final provision is what Round Guys refers to as the "Sue and Labor" coverage. Compl. ¶ 14. This provision imposes duties on the insured in the event of a covered cause of loss, such as giving prompt notice of the loss, keeping records, and protecting the property from further damage. Id. at 52¬–53. The provision also states, "in no event will we pay for any subsequent "loss" resulting from a cause of loss that is not a Covered Cause of Loss." Id. at 53.

Round Guys filed suit for declaratory judgment (Count I), breach of contract (Count II), and bad faith (Count III) in the Montgomery County Court of Common Pleas. Cincinnati Insurance promptly removed the case to federal court and subsequently moved to dismiss the case arguing Round Guys lack of physical damage or loss at any property precludes coverage. Round Guys has

not plead any physical damage to or physical loss at the insured premises, contiguous premises, or other premises in the vicinity. Round Guys cannot plausibly establish it was affected by a covered cause of loss. Round Guys is therefore not entitled to coverage under any provision in the policy, and the Court will grant Cincinnati Insurance's motion.

**DISCUSSION**

The Court begins with Round Guys' motion to remand. Round Guys argues abstention is warranted because this case involves unsettled matters of state law. Federal courts have broad discretion to decline to hear actions arising under the Declaratory Judgment Act. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). Federal courts also have a "virtually unflagging obligation" to exercise jurisdiction over claims seeking legal relief. In cases involving claims for both legal relief and declaratory judgment, the Third Circuit has adopted the independent claims test, which asks if the legal claims are independent of the declaratory judgment claims. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017). If the legal claims are independent, the court has an obligation to hear the claims, subject to *Colorado River*'s exceptional circumstances analysis. *Id.*; *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Because the breach of contract and bad faith claims are themselves sufficient to invoke the court's diversity jurisdiction, involve separate elements, and carry different standards of proof, they are independent of the declaratory judgment claim. The Court also finds no exceptional circumstances warranting remand. Therefore, the Court will deny the motion to remand.

A motion to dismiss for failure to state a claim should prevail if, after the complaint's factual allegations are taken as true and all reasonable inferences are made in favor of the nonmoving party, the non-moving party cannot prove facts supporting his claim. *See, e.g.*, *Warren*

3

*Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to show the claim for relief is "plausible on its face." *Warren Gen. Hosp.*, 643 F.3d at 84; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570)). A claim does not meet the plausibility standard unless it includes enough factual content to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and other unsupported conclusions stated in the complaint may not be considered in determining a motion to dismiss. *See, e.g.*, *Fischbein v. Olson Research Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020) ("[W]e disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.").

The Court will consider the allegations contained in the Complaint as well as the insurance policy and the Governor's executive orders. *See, e.g.*, *Doe v. Univ. of the Scis*, 961 F.3d 203 (3d Cir. 2020) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint[,] exhibits attached to the complaint, and matters of public record. In addition, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal citations and quotation marks omitted)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

The insurance policy is unambiguous. It only reimburses insured parties for *covered* causes of loss. Def.'s Mot. Ex A, 40–41, 137; ECF No. 13-1. A covered cause of loss requires "physical" damage or loss. *Id.* at 60, 142. The Court will address Round Guys' proposed coverage provisions in turn. To make a claim for a coverage under the Business Income and Extra Expense provisions,

the insured premises must have suffered physical damage or loss. *Id.* at 40–41. Courts that have addressed identical policy provisions in the context of the COVID-19 pandemic have reached a consensus that loss of business due to governmental orders is not enough. *See, e.g.*, *4431, Inc. v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 368, 385 (E.D. Pa. Dec. 3, 2020) (holding "plaintiffs' loss of business income as a result of COVID-19 and the Governor's Orders does not constitute direct physical loss," as required for any coverage under the policy at issue) (quotation marks omitted); *Newchops Rest. Comcast LLC. v. Admiral Indem. Co.*, 507 F. Supp. 3d 616, 624 (E.D. Pa. Dec. 17, 2020) ("[R]eading the civil authority and business income provisions in the context of the entire policy, we conclude that the damage must be physical. . . . Loss of utility is not structural or physical. Nor is the mere possibility of the presence of the virus in the nearby properties."); *see also Kessler Dental Assocs., P.C. v. The Dentists Ins. Co.*, 505 F. Supp. 3d 474, 480 (citing *Port Auth. of New York & New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 235 (3d Cir. 2002) (dismissing dental office's complaint for income loss due to the closure orders; mere presence of Coronavirus or general threat of future damages from that presence insufficient to trigger coverage)).

Next, the Civil Authority provision similarly requires physical damage or loss at premises in the vicinity of the insured premises. *Id.* at 41. Again, Round Guys failed to allege any direct physical loss or damage to other properties in the vicinity of its brewery. Courts nationwide have upheld the requirement that direct physical loss or damage to property other than the plaintiff's property is necessary to obtain Civil Authority coverage. *See, e.g.*, *Newchops*, 507 F. Supp. 3d at 616; *Philadelphia Parking Auth. V. Federal Ins. Co.*, 385 F. Supp. 2d, 280, 289 (S.D.N.Y. 2005) (applying Pennsylvania law). Just as the Coronavirus did not cause direct physical loss or damage to Round Guys' property, it did not cause direct physical loss at or damage to any other property

in the vicinity. The Complaint fails to identify any demonstrable, physical damage to property that occurred anywhere. Rather, it alleges Round Guys' property closed in response to the mandated shutdown. Compl. at ¶ 32. No facts are alleged to demonstrate this happened because of direct physical loss or damage to any property.

The Ingress and Egress coverage also requires direct physical loss at or damage to a contiguous property that prevents access to the insured's property as a result of that direct physical loss or damage. Def.'s Mot. Ex. A, 27, ECF No. 13-1. As demonstrated above, the Complaint does not allege any facts that show direct physical loss at any location, let alone at a location contiguous to Round Guys' premises that blocked ingress or egress at Round Guys' restaurant. There is therefore no coverage under the Ingress and Egress provision.

Finally, there is no coverage available under the "Sue and Labor" provision. The "Duties in the Event of Loss or Damage" provision requires the insured to, in the event of a covered cause of loss, take certain steps to protect the covered property from further damage and keep a record of expenses incurred. Def.'s Mot. Ex. A, 52–53, ECF No. 13-1. Round Guys refers to this provision as the "Sue and Labor" coverage. Compl. ¶ 14. This provision does not, itself, provide any coverage. It simply imposes responsibilities on the insured while the claim is processed. It does nothing to alter the requirement that a covered cause of loss must involve *physical* loss or damage. Moreover, the provision itself states, "...in no event will we pay for any subsequent 'loss' resulting from a cause of loss that is not a Covered Cause of Loss." Def.'s Mot. Ex. A, 53; ECF No. 13-1. Because Round Guys experienced no covered loss in the first place because there was no physical damage, the requirements to mitigate a covered loss are irrelevant. This provision, therefore, does not apply.

The lack of a virus exclusion, which is commonly found in business interruption insurance contracts, is also irrelevant. The existence of an exclusion is only relevant if the insured first meets its burden of showing there is direct physical loss to property. Without a physical loss, there is no covered cause of loss. Because the policy is clear and unambiguous, the Court may not look beyond the plain meaning of the words. *See 4431, Inc.* at 13 n.18 (expressly rejecting any argument attempting to create coverage based on the presence or absence of an exclusion because "[p]laintiffs have failed to provide any support for the notion that the absence of an exclusion means that whatever could have been excluded but wasn't is necessarily covered," and "[e]ven more fundamentally, the issue of exclusions is irrelevant as Plaintiffs' claims do not fall within the scope of the Policies' coverage"). Round Guys' claims for declaratory judgment and breach of contract therefore fail as a matter of law because Round Guys has not pled any physical loss or damage to property caused by the Governor's orders. Therefore, there has been no covered cause of loss and Round Guys is not entitled to coverage.

The Court will also dismiss Round Guys' bad faith claim. There is no bad faith unless an insured party presents "clear and convincing evidence that: (1) the insurer did not have a reasonable basis for denying benefits under the policy and (2) the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). Cincinnati Insurance's position is widely supported in the case law. Its denial of coverage was therefore reasonable and Round Guys has failed to adequately plead the elements of bad faith.

**CONCLUSION**

The Court declines to exercise its discretionary abstention authority and will deny Round Guys' motion to remand. Because the policy unambiguously excludes coverage for Round Guys'

claims, and because any amendment would be futile in light of the controlling contractual terms and the lack of factual support for any physical damage or loss, the Court will dismiss the Complaint with prejudice.

    An appropriate order follows.

BY THE COURT:

<u> /s/ Juan R. Sánchez</u>
Juan R. Sánchez, C.J.